IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | **UNDER SEAL** |
| | : | |
| **TRAYON WHITE, SR.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

**MOTION TO SEAL COMPLAINT AND**
**AFFIDAVIT IN SUPPORT OF THE COMPLAINT**

The United States of America hereby moves for an order to place and maintain under seal, until circumstances change, the Criminal Complaint, Affidavit in Support of the Complaint and affiliated documents in this matter. In support thereof, the government states as follows:

The U.S. Attorney's Office for the District of Columbia is covertly investigating D.C. Councilmember Trayon White, Sr. for bribery, in violation 18 U.S.C. § 201.  We intend to arrest White on Monday, August 19, 2024.  However, if the Complaint and affiliated documents are placed on the public docket prior to the arrest, White may destroy evidence or attempt to obstruct the investigation in other ways.  Accordingly, premature public disclosure of the Complaint and affiliated documents could compromise the integrity of the investigation, including the ability of the government to locate and arrest the White and preservation of evidence.   Thus, sealing until White is arrested is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure

1

serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the government has a compelling interest in preserving the integrity of its investigation and effecting White's arrest. Sealing for a limited time is narrowly tailored to serve that compelling interest.

**WHEREFORE**, the United States respectfully requests that the Court issue an Order directing that the Clerk of the Court place under seal the Complaint and affiliated documents, until the government effects the arrest of White. At that time, sealing will no longer be necessary, and the government will promptly advise the Clerk of the Court of the change in circumstances.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _/s/ J. Rothstein_
Joshua S. Rothstein
N.Y. Bar No. 4453759
Rebecca G. Ross
N.Y. Bar No. 5590666
John D. Crabb Jr.
N.Y. Bar. No. 2367670
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530